## IN THE UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **AARON WHITE,** | **Civil Action No.** |
|   **Plaintiff,** | |
| **v.** | |
| | **JURY TRIAL DEMANDED** |
| **CHICK-FIL-A DOWNTOWN DECATUR** | |
|   **Defendant.** | |

## COMPLAINT FOR DAMAGES

COMES NOW, Aaron White ("Plaintiff"), by and through her undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

### I.      NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII").

## II.  ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII.  Plaintiff filed her charge of discrimination against Defendant with the EEOC on November 12, 2021; the EEOC issued its Notice of Right to Sue on June 1, 2022.

3.

Plaintiff timely filed this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC

## III.  JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b)

5.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. § 2000e venue is appropriate in this Court.

## IV.      **PARTIES**

### 6.

Plaintiff identifies as a female citizen of the United States of America, and is subject to the jurisdiction of this Court.

### 7.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

### 8.

Defendant is now and, at all times relevant hereto, has been a domestic for-profit corporation engaged in an industry affecting commerce.  During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII.  Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

### 9.

Defendant may be served with process through their legal counsel, or at their principal place of business located at 105 E Trinity Pl, Decatur, GA 30030.

## V.      **FACTUAL ALLEGATIONS**

10.

Plaintiff became employed with the Defendant on or around August 23, 2021.

11.

She immediately began training for the Director of Operations position at Defendant's Decatur, Georgia location at 105 E Trinity Pl, Decatur, GA 30030.

12.

 Defendant is a Franchise owned by Joe Lengert.

13.

Defendant's customary operations required that Plaintiff take part in the same training group as others who would end up in different positions including Team Members, Team Leads, and Shift Leaders.

14.

Typically, it was not until after one had completed training that they would be considered to carry the position title they had been hired for.

15.

On their first day of training, Plaintiff was immediately targeted by another employee by the name of Sammy Canady, a Team Member at this location.

16.

Sammy would make the following comments to Plaintiff in front of several other employees and management at this Defendant location: "I would eat your ass and pussy", "On God, I will fuck the shit out of you", "I'll buck that horse", "I'll ride that horse till it buck."

17.

After these comments were made, Plaintiff went to Alaina Becker a Shift Manager at this location, and told her the comments that had been made toward Plaintiff.

18.

Ms. Becker then told Plaintiff that she did not feel comfortable addressing the situation and advised Plaintiff to reach out to the Franchise Owner, Joe Engert.

19.

On or around August 27, 2021, Plaintiff had a meeting with Mr. Engert and the Kitchen Director.

20.

During the meeting, Plaintiff informed them that she is transgender. Plaintiff went forward in the conversation explaining what had been said to her by Sammy.

21.

The Franchise Owner responded by saying that it should be an honor that with Plaintiff being a transgender woman that someone liked her enough to hit on her.

22.

In addition to this, although the Franchise Owner said that he would look into the situation, he explained that if the harassment continued "they would have to focus more on the person claiming the harassment to see if there is an issue" alluding to victim blaming Plaintiff.

23.

That same day, Mr. Engert and another Director of Operations, Bradford Graham, spoke with Sammy.

24.

After the meeting Sammy resumed taunting Plaintiff, but this time with homophobic remarks in front of other team members and shift managers.

25.

The comments included: "I don't fuck with that faggot ass nigga", "On God, I'm not with that gay shit", "Hell nah, I'll beat that gay nigga ass."

26.

As word continued to spread about Plaintiff being transgender, other employees at the Defendant started taunting them with homophobic comments.

27.

Several employees began to intentionally misgender Plaintiff and claimed that they had an odor due to her taking hormones to aid in their transition, when it was proven to be a faulty pipeline at the Defendant's location.

28.

Defendant did nothing to stop the harassment, and its actions of disclosing that Plaintiff is transgender escalated the harassment.

29.

Sammy continued working at the same shift, at the same restaurant with Plaintiff and was never reprimanded for his actions toward Plaintiff.

30.

In addition to being harassed by co-workers, Plaintiff's training began to change. Plaintiff no longer being adequately training for the Director of Operations position and any inquiries as to the reason for this was ignored.

31.

In mid-late September 2021, Plaintiff again complained to the Franchise Owner regarding harassment pertaining to sexual harassment and sexual orientation.

32.

One specific comment made by another co-worker to Plaintiff was, "Are you one of those," in which Plaintiff had clarified that the co-worker was asking whether they are transgender, and continually purposely misgendering Plaintiff.

33.

On November 1, 2021, the Defendant terminated Plaintiff. One of the reasons stated was that they abruptly walked off their shift. However, this is not true. Plaintiff had been harassed by a Shift Lead and had been approved to leave the restaurant for that shift.

34.

In addition the Defendant claimed that the reason for the termination was also due to tardiness which resulted in one write up.

35.

However, Plaintiff has identified at least two other Director of Operations employees who have been tardy for shifts, but have not been terminated.

36.

These comparators do not identify as gay, lesbian, bisexual, or transgender. It is clear that Plaintiff treated less favorably due to her sexual orientation, supporting an inference of discrimination.

## VI.    CLAIMS FOR RELIEF

## COUNT I:  SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

37.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

38.

Plaintiff was subjected to inappropriate sexual comments and actions by one of her mail co-workers.

39.

The conduct was unwelcome.

40.

The conduct occurred because of Plaintiff's race and sex.

41.

The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

42.

At the time the conduct occurred, Plaintiff believed that the conduct made her work environment hostile or abusive.

43.

Defendant knew or should have known about the conduct.

44.

Defendant did not take reasonable steps to correct the situation or prevent the harassment from recurring after being notified by Plaintiff on numerous occassions.

45.

As a direct result of the Defendant's actions and inactions, Plaintiff has suffered emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

46.

The conduct of Defendant was so willful and performed with such malice or reckless indifference to the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter them, and others, from such conduct in the future.

47.

Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses.

48.

Plaintiff, having been discriminated against by the Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

## COUNT II: DISCRIMINATION ON BASIS OF SEXUAL ORIENTATION IN VIOLATION OF TITLE VII.

49.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

50.

Defendant's action in subjecting Plaintiff to ongoing discrimination on the basis of her sexual orientation constitutes unlawful discrimination in violation of Title VII.

51.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

52.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex.

53.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

54.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII

55.

Plaintiff incorporates the preceding paragraphs as if stated herein.

56.

Matthews engaged in protected conduct under Title VII by complaining of sexual harassment and discrimination on the basis of her sexual orientation.

57.

Because Plaintiff engaged in protected activity, Defendant retaliated against Plaintiff by, including but not limited to, failing to investigate her claims of harassment, failure in taking measures to prevent further harassment, and terminating her employment.

58.

As a direct, natural, proximate and foreseeable result of the Defendant's retaliation, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

59.

Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to federal law.

60.

Plaintiff having been retaliated against by Defendant has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

**WHEREFORE**, Plaintiff judgment as follows:

(a)      General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)      Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c)      Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)      Reasonable attorney's fees and expenses of litigation;

(e)      Trial by jury as to all issues;

(f)      Prejudgment interest at the rate allowed by law;

(g)      Declaratory relief to the effect that Defendant The Salvation Army, has violated Plaintiff's statutory rights;

(h)      Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant, from further unlawful conduct of the type described herein; and

(i)      All other relief to which she may be entitled.

Respectfully submitted the 29th day of June, 2022.

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 965-1682
Email: *jstephens@forthepeople.com*